UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 22 Cr. 487 (JHR) |
| -v.- | |
| JASON EDWARDS, | OPINION & ORDER |
| Defendant. | |

JENNIFER H. REARDEN, District Judge:

Before the Court is Defendant Jason Edwards's counseled motion for a sentence reduction

pursuant to Amendment 821 to the United States Sentencing Guidelines (the "Guidelines"),

U.S.S.G. App. C, Amendment 821 (U.S. Sent'g Comm'n 2023) ("Amendment 821").  ECF No.

52 (Def. Mot.).  For the reasons set forth below, Edwards's motion is denied.

## RELEVANT BACKGROUND[1]

### A.  Offense, Plea, Sentencing, and Appeal

On March 10, 2022, New York City Police Department speed patrol officers in the Bronx

observed a car driven by Edwards exceeding the speed limit by more than 20 miles per hour,

prompting the officers to attempt to conduct a traffic stop.  Sent. Tr. at 38:24-25–39:1-3; PSR at

¶¶ 12-13.  Rather than comply with the officers' efforts, Edwards "chose to engage the police in

a high-speed chase through crowded and highly-trafficked residential streets, running two red

lights and making a turn into oncoming traffic, creating a potential of plowing into multiple

pedestrians in the process."  Sent. Tr at 39:3-8; PSR at ¶ 13.  Even when Edwards was finally

forced to come to a stop due to traffic, he refused to obey the officers' repeated orders to step out

---

[1] "The background to this case is set out in detail in, *inter alia*, the presentence report, [ECF No. 38] ('PSR'), the transcript of [] sentencing, [ECF No. 45] ('Sent. Tr.'), and the [parties'] memorand[a], [ECF Nos. 52, 53]."  *United States v. Morel*, No. 11 Cr. 1032-54 (PAE), 2024 WL 4751270, at *1 (S.D.N.Y. Nov. 12, 2024).

1

of his vehicle.  Sent. Tr at 39:11-13; PSR at ¶ 14.  Only after the officers broke one of the windows of Edwards's car did Edwards finally emerge, at which point he was placed under arrest.  Sent. Tr at 39:13-15; PSR at ¶ 14.  Upon searching the vehicle, police officers discovered that Edwards was in possession of a loaded firearm.  Sent. Tr at 39:16-18; PSR at ¶ 14.  The gun was loaded with both normal and "hollow-point" ammunition: that is, "cartridges with expanded bullets designed to be more lethal than normal ammunition."  Sent. Tr. at 39:23-25–40:1; PSR at ¶ 14.

On September 14, 2022, Edwards was indicted for conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (Count 1); aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and (2) (Count 2); and, in connection with the conduct described above, felon in possession of a firearm in violation of 18 U.S.C. § 922 (g)(1) (Count 3).  ECF No. 1 (the "Indictment").  Edwards committed these offenses while on supervised release, having been sentenced in 2018 by the Honorable John G. Koeltl to fifteen months' imprisonment and five years' supervised release for conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1349 and 1344.  *United States v. Edwards*, No. 17 Cr. 402-2, ECF No. 98 (S.D.N.Y. April 26, 2018).  A mandatory condition of Edwards's supervised release was that he not "commit another federal, state or local crime."  *Id.* at 3.  Edwards was also prohibited from "possess[ing] a firearm or dangerous device, as defined in 18 USC 921 [*sic*]."  *Id.* at 3.  The conduct charged in the Indictment had previously prompted the United States Probation Office ("Probation") to alert the Court to alleged violations of supervised release.  *See*, *e.g.*, September 26, 2022 Amended Violation Report (the "Violation Report") at 6 (Specification 6 alleging that, "on or about March 10, 2022, in the Southern District of New York, the supervisee committed a federal crime, felon in possession of a firearm, in violation of 18 USC 922(g)(1) [*sic*]" (cleaned up)).

On April 20, 2023, pursuant to a plea agreement with the Government, Edwards pleaded guilty to Count 3 of the Indictment for felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §922(g)(1).  ECF No. 32.  He also admitted Specification 6 of the Violation Report.  *Id.*  On July 24, 2023, Probation issued the final Presentence Investigation Report, which calculated Edwards's Guidelines range with respect to the felon-in-possession offense.  ECF No. 38.  Applying the November 1, 2021 version of the Guidelines, Probation determined that Edwards's total offense level was 19.  *Id.* at 4, 8.  Probation also calculated that Edwards had eight criminal history points—six points from prior criminal convictions and two additional points for "committ[ing] the instant offense while under a criminal justice sentence for supervised release," U.S.S.G. §4A1.1(d)—resulting in a Criminal History Category of IV.  *Id.* at 4, 10.  Probation determined that Edwards's Guidelines range was 46 to 57 months and recommended a sentence of 46 months.  *Id.* at 24.  Separately, Probation recommended a sentence of twelve months' imprisonment for Edwards's violation of supervised release, to be "served consecutively to any other sentence."  Violation Report at 7.

At sentencing, applying the November 1, 2021 version of the Guidelines, the Court "accept[ed] and adopt[ed] the guidelines range calculations set forth in the [PSR]," Sent. Tr. at 11:22-23, and sentenced Edwards to 55 months' imprisonment for the felon-in-possession conviction and 12 months' imprisonment for the violation of supervised release, to be served consecutively, followed by three years of supervised release.  *Id.* at 44.

On August 18, 2023, Edwards filed a notice of appeal from his sentence.  *See* No. 23-6945 (2d Cir. Aug. 18, 2023) at ECF No. 1-2 (Notice of Appeal specifying that "[t]his appeal concerns [Defendant's] Sentence"); ECF Nos. 44, 55.

### B. Amendment 821

"Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively." *United States v. Ndukwe*, No. 21 Cr. 700 (DLC), 2024 WL 3498595, at *2 (S.D.N.Y. July 22, 2024) (citing U.S.S.G. § 1B1.10(d)), *appeal dismissed sub nom. United States v. Travers*, No. 24-2099, 2025 WL 2319581 (2d Cir. June 20, 2025).  As set forth below, *infra* at 6, "Part A of Amendment 821 eliminates up to two 'status points'—used to calculate a defendant's criminal history category—if the defendant, at the time of sentencing, was assigned status points for committing an offense while under any criminal justice sentence, including supervision such as probation and parole," *Morel*, 2024 WL 4751270, at *6, and had "six or fewer criminal history points as calculated under U.S.S.G. § 4A1.1," *United States v. Winfield*, No. 18 Cr. 95 (DLC), 2024 WL 3429503, at *2 (S.D.N.Y. July 16, 2024) (finding eligibility for reduction).

### C. The Instant Motion

On July 16, 2024, Probation issued an Amendment 821 Supplemental Presentence Report determining that Edwards is eligible for a sentence reduction under Amendment 821.  ECF No. 48 (Supplemental PSR).  After eliminating the two additional "status points" previously assigned pursuant to U.S.S.G. §4A1.1(d), Probation revised Edwards's criminal history category from IV to III and calculated a new Guidelines range of 37 to 46 months.  *Id.* at 3.

On August 30, 2024, pursuant to the Standing Order of the Chief Judge of this District, the Court appointed a Criminal Justice Act attorney to represent Edwards in connection with his motion.  ECF No. 50.  On September 30, 2024, Edwards, through counsel, moved for a sentence reduction pursuant to Amendment 821 and requested that he be re-sentenced "to the revised low end of the Guidelines range, resulting in a sentence of 37 months."  Def. Mot. at 4.  The

4

Government responded that "defendant should not receive a sentencing reduction pursuant to Amendment 821, even if he is eligible for one." ECF No. 53 (Gov't Response.).

Because "the filing of a notice of appeal" generally "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," the Court directed Edwards to file a letter "addressing why this Court should exercise jurisdiction over his motion for a sentence reduction while his [August 18, 2023] appeal from his sentence [wa]s pending." ECF No. 55 (cleaned up). The Court also ordered the Government to state its position. *Id.*

Upon review of the parties' submissions, ECF Nos. 58, 59, the Court "defer[red] consideration of [Edwards's] motion for retroactive application of Amendment 821, pending resolution of Defendant's appeal." ECF No. 60 (cleaned up). On January 22, 2026, the Second Circuit decided Edwards's appeal, affirming the Court's judgment. *See* ECF No. 61.

## LEGAL STANDARDS

"A sentencing court may not modify a sentence once it has been imposed except under the limited conditions set forth in 18 U.S.C. § 3582." *Poindexter v. United States*, 556 F.3d 87, 89 (2d Cir. 2009). Section 3582(c)(2) provides that a court may reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

A court considering a motion for a reduced sentence under § 3582(c)(2) must follow a "two-step approach." *Dillon v. United States*, 560 U.S. 817, 827 (2010). First, the Court must "follow the Commission's instructions in § 1B1.10 [of the Guidelines] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.*

at 827.  Second, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."  *Id.*; *United States v. Griffith*, No. 20 Cr. 15 (PKC), 2024 WL 3446435, at *2 (S.D.N.Y. July 16, 2024) (similar).  The Court may also "consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction."  U.S.S.G. § 1B1.10 Application Note 1(B)(iii).  "[A] defendant is eligible for resentencing only if the Guidelines range as recalculated to take into account Amendment 821 includes sentences below that originally imposed, and the Court generally may not impose a sentence below the bottom of the Guidelines range as presently calculated."  *Morel*, 2024 WL 4751270, at *6 (denying application for sentence reduction because "the § 3553(a) factors demand[ed] the sentence imposed").

"A reduction in sentence pursuant to § 3582(c)(2) is not a sentencing plenary proceeding."  *Ndukwe*, 2024 WL 3498595, at *1.

## **DISCUSSION**

"The Court finds that [Edwards] is eligible for a status point recalculation under Amendment 821, as the United States Probation Office has concluded in [the] [Supplemental PSR]."[2]  *Morel*, 2024 WL 4751270, at *6.  Given the reduction in his offense level, Edwards's

---

[2] As summarized above, Edwards initially received two additional criminal history points pursuant to U.S.S.G. §4A1.1(d) of the November 1, 2021 version of the Sentencing Guidelines— i.e., "status points"—because he "committed the instant offense while under a criminal justice sentence for supervised release."  PSR at 10.  At the time of sentencing, prior to the addition of those status points, Edwards had six criminal history points.  Because Edwards had "six or fewer criminal history points," as calculated under U.S.S.G. § 4A1.1, Amendment 821 "remove[s] the

Guidelines range has been adjusted from 46 to 57 months to 37 to 46 months, Supplemental PSR at 3, which "includes sentences below that originally imposed," *Morel*, 2024 WL 4751270, at *6. As previously stated, however, *supra* at 6, "the Court has substantial discretion to deny modification based upon the Section 3553(a) factors, including seriousness of the offense, the defendant's criminal history, and the potential danger posed to the community." *United States v. Portillo*, No. 20 Cr. 99 (JFB), 2025 WL 2146057, at *3 (E.D.N.Y. July 29, 2025) (exercising discretion to conclude that "no reduction [was] warranted based upon the Court's assessment of the Section 3553(a) factors"). Here, "[n]otwithstanding th[e] adjustment" to Edwards's Guidelines range, "the Court remains convinced that a reduction in [] sentence is not warranted after consideration of the [S]ection 3553(a) factors." *United States v. Watson*, No. 12 Cr. 120 (RJS), 2025 WL 1725448, at *2 (S.D.N.Y. June 20, 2025) (denying motion for sentence reduction).

Prior to sentencing, Probation "recommended a sentence at the bottom of the guidelines range of 46 months," Sent. Tr. at 34:19-20—i.e., the top of the amended range—and Edwards requested a "sentence below the guidelines" range, *id.* at 34:22-23. "The Court rejected those proposed sentences." *Ndukwe*, 2024 WL 3498595, at *3.

"[A]t sentencing, the Government took the unusual step of advocating for a sentence ([57] months' imprisonment) at the top of the Guidelines range." *United States v. Sierra*, No. 11 Cr. 1032-01 (PAE), 2024 WL 1075408, at *2 (S.D.N.Y. Mar. 12, 2024) (declining to reduce defendant's sentence); Gov't Response ("The Government requested that the Court impose an aggregate sentence of at least 69 months' imprisonment—57 months' imprisonment for the 22

status points assessed to" him, *Winfield*, 2024 WL 3429503, at *2, and reduces his criminal history category from IV to III. Supplemental PSR at 3.

Cr. 487 (JHR) Indictment, to be followed by 12 months' imprisonment for the [violation of supervised release]."); Sent. Tr. at 15:13-16; *id*. at 34:20-22.  The Court sentenced Edwards to 55 months' imprisonment, close to the top of the original Guidelines range, which is "nine months more than the top of the amended range." *Ndukwe*, 2024 WL 3498595, at *2.

In imposing a sentence of 55 months' imprisonment, the Court "thoroughly considered the Section 3553(a) factors." *United States v. O'Neill*, No. 22 Cr. 57 (VEC), 2024 WL 4363009, at *2 (S.D.N.Y. Oct. 1, 2024) (denying sentence reduction where "[t]he Court's analysis of the Section 3553(a) factors remain[ed] unchanged regardless of Amendment 821").  In so doing, "[t]he Court weighed then, and weighs now, all of the mitigating factors raised by [Edwards'] counsel," *United States v. Calk*, No. 19 Cr. 366 (LGS), ECF No. 318, at *3 (S.D.N.Y. Mar. 4, 2024) (denying motion for sentence reduction), including the "challenging circumstances surrounding Mr. Edwards'[s] childhood and teen years," Sent. Tr. at 35:23-24, and the "far from positive" influence of Edwards's father following his own release from prison, *id.* at 36:23-24. *See* Def. Mot. at 3-4 (citing the same mitigating circumstances as at sentencing).  In short, at sentencing, Edwards "relied on essentially the same justifications as the present one." *United States v. Ozsusamlar*, No. 5 Cr. 1077 (RA), 2025 WL 1194143, at *2 (S.D.N.Y. Apr. 22, 2025). The Court could not then and cannot now, however, "disregard" "the host of factors that compel[led] a substantial term of incarceration," *id.* at 38:22-23, including that, in defiance of police orders, Edwards "chose to engage the police in a high-speed chase through crowded and highly-trafficked residential streets," *id.* at 39:4-6.  And as detailed above, *supra* at 1-2, even after Edwards was "forced to come to a stop due to traffic, he refused to obey the officers' repeated orders to step out of his vehicle" and did not "emerge[]" until the officer "broke one of the windows to Mr. Edwards' car." *Id*. at 39; 11-15.  This "cast[] [] doubt on [Edwards's] ability

to deal in good faith with law enforcement." *United States v. Edwards*, No. 23-6945-Cr., 2026 WL 178618 (2d Cir. Jan. 22, 2026) (quoting *United States v. Robinson*, 134 F.4th 104, 112 (2d Cir. 2025) (characterizing "the connection between Edwards' conduct and the [search] condition" at issue as "self-evident from the record"). Edwards himself concedes again now, as at the time of sentencing, ECF No. 37 (Sentencing Submission) at 9, that his actions "put the lives of innocent bystanders in danger and [that he] acted with reckless disregard for the safety of others." Def. Mot. at 4.

Beyond the circumstances of Edwards's arrest, Edwards's possession of a loaded firearm was also "in and of itself [] extremely dangerous." Sent. Tr. at 39 at 19-20. In fact, the "danger" Edwards posed "was all the more pronounced" because Edwards "not only possessed a firearm but possessed one that had especially great potential to inflict a tremendous degree of harm." *Id.* at 39: 20-23. "Specifically, the gun was loaded with both normal ammunition and hollow-point ammunition"—i.e., "cartridges with expanded bullets designed to be more lethal than normal." *Id.* at 39:23-25.

The Court emphasized that Edwards's conduct "was hardly an aberration" and that his "criminal history and conduct while serving prior sentences reflects an ongoing dangerousness to the community and a clear inability to conform to the dictates of the law." *Id.* at 40:2-5; *see Edwards*, 2026 WL 178618 (Second Circuit noting Edwards's "serious criminal history, including an armed assault and a conspiracy to commit bank fraud"). Furthermore, the Court highlighted that, in connection with Edwards's prior conviction for conspiracy to commit bank fraud, Judge Koeltl showed Edwards leniency, granting him "a significant downward variance from the guidelines range." Sent. Tr. at 40:20-23 (observing that Judge Koeltl had imposed a sentence of 15 months where the Guidelines range was 27 to 33 months). Despite that leniency,

9

Edwards continued to engage in unlawful conduct, which demonstrated a "substantial need to both deter [him] and others from committing future crimes as well as [a need] to protect the public." *Id.* at 44:3-5.

At sentencing, the Court also specifically considered Edwards's argument that "forthcoming amendments to the guidelines . . . would result in a lower criminal history category for Mr. Edwards and, in turn, a lower guidelines range of 37 to 46 months." *Id.* at 42:23-25–43:1-2. The Court nevertheless concluded that "the seriousness of [Edwards's] offense of conviction, his unrelentingly illicit and dangerous conduct both in and out of prison over the years, and his demonstrated refusal to comport himself with the dictates of the law compel[ed]" a sentence of 55 months. *Id.* at 43:5-9. Similarly, the Court rejected Edwards's argument that the status points "double count[]" Edwards's violation of supervised release, *id.* at 22:17, which independently "signifie[d] a serious breach of the Court's trust," *id.* at 42:16-17, and sentenced Edwards to 12 additional months for the violation of supervised release, *id.* at 47:22.

Finally, the Court has also taken into account "[Edwards's] post-sentence conduct, including a[ny] disciplinary citation[s]." *United States v. Cirino*, No. 24 Cr. 714, 2024 WL 5154005, at *1 (2d Cir. Dec. 18, 2024) (affirming denial of sentence reduction pursuant to Amendment 821 where district court considered post-sentencing citation) (summary order). Since July 2024, Edwards has been sanctioned for four disciplinary violations: (1) "destroying/disposing an item," for which he "lost 41-days of good time conduct and one year of phone and visitation privileges"; (2) "phone abuse," for which he lost "41 days of good time conduct, and one year of commissary, and email privileges"; (3) "introduction of drugs/alcohol," for which he lost "41 days of good time conduct" and "180 days of commissary and phone privileges" and was subjected to a $200 fine; and (4) "possessing a hazardous tool" as

10

recently as August 2025, for which he "lost 41 days of good time conduct," as well as "180 days of commissary and phone privileges," and was placed in "disciplinary segregation for 30 days." BOP Sentry System Report[3]; *see also United States v. Laporta*, No. 24 Civ. 1735, 2025 WL 1202094, at *1 (2d Cir. Apr. 25, 2025) (affirming denial of sentence reduction where defendant "had been found with contraband, including two handmade weapons and two cellphones") (summary order); *cf. Watson*, 2025 WL 1725448, at *2 ("The Court also commends [Defendant] for his clean disciplinary record since 2019.") (denying sentence reduction).  The Court finds that "a reduced sentence would not adequately address the Section 3553(a) factors given [Edwards'] criminal conduct and the actions he took after getting caught."[4]  *O'Neill*, 2024 WL 4363009, at *2.

    In sum, "after a *de novo* review of the Section 3553(a) factors, the Court's assessment of the Section 3553(a) factors at the [August] [2023] sentencing proceeding still applies with equal force today," *Portillo*, 2025 WL 2146057, at *3 and "[t]he [C]ourt accordingly declines to modify [Edwards's] sentence," *Sierra*, 2024 WL 1075408, at *3.  *See Morel*, 2024 WL 4751270, at *8 ("The shortened sentence that [Defendant] seeks today would disserve these factors, and not respect the seriousness of [his] offenses."); *Watson*, 2025 WL 1725448, at *3 (similar).

---

[3] After reviewing the Bureau of Prisons Sentry Report from July 15, 2024 (the date that the Supplemental PSR was issued) to February 6, 2026, Probation informed the Court and the parties of these citations by email on February 6, 2026 and solicited any comments or objections from the parties.  On February 17, 2026, Probation confirmed that no objections or comments had been received.

[4] Prior to sentencing, Edwards had already "incurred [] three disciplinary infractions for possessing drugs and/or alcohol, fighting with another person, and being unsanitary," which the Court took into account at sentencing.  Sent. Tr. at 42:10-13.  He had also been "disciplined on four occasions while in state custody [between 2018 and 2020], including for weapon and drug possession, assault on an inmate, and drug use," and "on three occasions" while in BOP custody in 2017 "for refusing to work, refusal to obey an order, and possessing drugs."  *Id*. at 42:5-10.

11

## **CONCLUSION**

For the reasons stated, Edwards's application for a sentence reduction pursuant to Amendment 821 is denied.

The Clerk of Court is directed to terminate ECF No. 52.

SO ORDERED.

Dated: April 17, 2026
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge